# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Ex Parte Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | C.A. No. 1:20-mc-00334-MN |

**RESPONDENTS' OMNIBUS RESPONSES AND OBJECTIONS TO SUBPOENAS**

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Respondents Poplar Falls, LLC, Drumcliffe Partners I LLC, Drumcliffe Partners II LLC, Drumcliffe Partners III LLC, Drumcliffe Partners III SMA I, LLC, Drumcliffe Partners IV LLC, and Drumcliffe Partners IV SMA1, LLC respond and object to the subpoenas served on each of them by Eni S.p.A on October 20, 2020, as follows:

**GENERAL OBJECTIONS AND OBJECTIONS
TO DEFINITIONS AND INSTRUCTIONS**

The following General Objections to Eni's subpoenas to Respondents are incorporated into each and every one of the following Responses as though fully set forth herein, and are in addition to the Specific Objections stated in response to any particular request.

1. Respondents object to each and every Definition, Instruction, and Document Request to the extent that it attempts to alter the scope of discovery or impose obligations that exceed those required under the Federal Rules of Civil Procedure and any applicable Local Rules. In responding to the Requests, Respondents will comply with their obligations under those rules, and, in responding to the Requests, will employ generally accepted definitions for any undefined terms used therein.

2. Respondents object to each Request to the extent it seeks information protected by applicable privileges (including, but not limited to, the attorney-client privilege, common interest privilege, and attorney work product privilege) or otherwise protected under applicable law. In

the event such information is produced, such production is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other applicable ground for protecting such documents from disclosure.

3. Respondents object to the Requests as unduly burdensome insofar as they purport to require Respondents to produce documents from, search the files of, or inquire of other non- parties.

4. Respondents object to the Requests insofar they request information covered by a non-disclosure agreement or other contract barring dissemination.

5. Respondents object to the subpoena as unduly burdensome to the extent that it requires Respondents to search for, restore, preserve and produce electronically stored information ("ESI") that is inaccessible under Federal Rule of Civil Procedure 45(e)(1)(D), such as data stored on backup tapes, legacy data, inactive or deleted ESI, slack space, and file fragments.

6. Respondents object to the Requests as unduly burdensome to the extent that it purports to require Respondents to search for and produce documents and ESI in a form and manner that would impose undue burden and expense on the Respondents. Respondents expects that Eni will bear the appropriate costs of reviewing and producing documents. Respondents may condition the production of records upon advance payment of a reasonable estimate of the fees.

7. Respondents object to the definition of "FRN Officials" to the extent that it purports to require Respondents to inquire or determine whether any person, at any point during the Relevant Period, (i) employees or officers of the FRN or any department, agency, branch, or office of the FRN; (ii) acted or purported to act in an official capacity on behalf of the FRN; or (iii) held themselves out as agents or representatives of the FRN. Respondents will interpret the term "FRN Officials" to mean persons currently known to Respondents to fall into one of these categories.

8. Respondents object to the definition of the terms "You" and "Your" insofar as it purports to encompass Respondents' agents, assigns, representatives, parents, divisions, subsidiaries, or affiliates.

9. Respondents' responses are made without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose and in any further proceeding in this Action and in any other action; (b) the right to object to the use of any such responses or the subject matter thereof, on any ground in any further proceeding in the underlying suit and any other action; and (c) the right to object on any ground at any time to a demand or request for further response to these requests or other discovery proceedings involving or related to the subject matter of the discovery to which these responses are provided.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the General Objections, which are incorporated into each and every one of the following objections, Respondents object to the Requests as follows:

**Request 1.** All documents concerning (i) the identity of each and every Person with any direct or indirect ownership interest in [Respondents], including any beneficial ownership interest, and including but not limited to any Members of [Respondents]; and (ii) the amount, proportion, and nature of each such Person's ownership interest in [Respondents].

**Response to Request 1:** Respondents object to this Request because it calls for the disclosure for information that has no relevance to, and is unlikely to be admissible in any of the Foreign Actions. Respondents further object to this Request because it calls for discovery that is not permitted under 28 U.S.C. § 1782. Respondents further object to this Request because it calls for discovery that goes beyond that permitted under the Court's October 15, 2020 Order granting Eni's *ex parte* application for leave to obtain discovery for use in foreign proceedings. Respondents further object to this Request because it calls for the disclosure of privileged or other

3

protected matter. Respondents further object to this Request as unduly burdensome because it calls for the disclosure of trade secrets and other confidential commercial and personal information. Respondents further object to this Request on the ground that it seeks to invade the well-founded privacy interests of Respondents and their general and limited partners.

**Request 2.** All Documents and Communications concerning all direct or indirect relationships, interactions, contracts, agreements, commitments, financial arrangements, or other transactions between (i) [Respondents], or any Person acting for [them] or on [their] behalf; and (ii) the FRN, any FRN Official, or any Person acting for or on behalf of the FRN or any FRN Official.

**Response to Request 2:** Respondents object to this Request because it calls for the disclosure for information that has no relevance to, and is unlikely to be admissible in any of the Foreign Actions. Respondents further object to this Request because it calls for discovery that is not permitted under 28 U.S.C. § 1782. Respondents further object to this Request because it calls for discovery that goes beyond that permitted under the Court's October 15, 2020 Order granting Eni's *ex parte* application for leave to obtain discovery for use in foreign proceedings. Respondents further object to this Request because it calls for the disclosure of privileged or other protected matter. Respondents further object to this Request as unduly burdensome because it calls for the disclosure of trade secrets and other confidential commercial and personal information. Respondents further object to this Request on the ground that it seeks to invade the well-founded privacy interests of Respondents and its general and limited partners.

**Request 3.** All Documents and Communications concerning all direct or indirect relationships, interactions, contracts, agreements, commitments, financial arrangements, or other transactions between (i) any Person identified in response to Request No. 1, or any Person acting for such Person or on its behalf; and (ii) the FRN, any FRN Official, or any Person acting for or on behalf of the FRN or any FRN Official.

**Response to Request 3:** Respondents object to this Request because it calls for the disclosure for information that has no relevance to, and is unlikely to be admissible in any of the Foreign Actions. Respondents further object to this Request because it calls for discovery that is

not permitted under 28 U.S.C. § 1782.  Respondents further object to this Request because it calls for discovery that goes beyond that permitted under the Court's October 15, 2020 Order granting Eni's *ex parte* application for leave to obtain discovery for use in foreign proceedings. Respondents further object to this Request because it calls for the disclosure of privileged or other protected matter.  Respondents further object to this Request as unduly burdensome because it calls for the disclosure of trade secrets and other confidential commercial and personal information.  Respondents further object to this Request on the ground that it seeks to invade the well-founded privacy interests of Respondents and their general and limited partners.

**Request 4.**  All Documents and Communications concerning any contracts, agreements, commitments, and/or financial arrangements between (i) [Respondents], or any Person acting for [them] or on [their] behalf; and (ii) any other Person with respect to any proceedings or other matters relating to OPL 245, including but not limited to the Foreign Actions.

**Response to Request 4:**  Respondents object to this Request because it calls for the disclosure for information that has no relevance to, and is unlikely to be admissible in any of the Foreign Actions.  Respondents further object to this Request because it calls for discovery that is not permitted under 28 U.S.C. § 1782.  Respondents further object to this Request because it calls for discovery that goes beyond that permitted under the Court's October 15, 2020 Order granting Eni's *ex parte* application for leave to obtain discovery for use in foreign proceedings. Respondents further object to this Request because it calls for the disclosure of privileged or other protected matter.  Respondents further object to this Request as unduly burdensome because it calls for the disclosure of trade secrets and other confidential commercial and personal information.  Respondents further object to this Request on the ground that it seeks to invade the well-founded privacy interests of Respondents and their general and limited partners.

                                              ROSS ARONSTAM & MORITZ LLP

                                              */s/ David E. Ross*
                                              David E. Ross (#5228)
                                              100 S. West Street, Suite 400
                                              Wilmington, DE 19801
                                              (302) 576-1600
                                              dross@ramllp.com

                                              *Counsel for Respondents*

Dated: November 16, 2020