# Exhibit C

**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

**Cascade Investments NV**

v.

**Republic of Turkey**

**(ICSID Case No. ARB/18/4)**

**PROCEDURAL ORDER NO. 7**

*Members of the Tribunal*
Ms. Jean E. Kalicki, President of the Tribunal
Professor Albert Jan van den Berg, Arbitrator
Professor Jan Paulsson, Arbitrator

*Secretary of the Tribunal*
Ms. Martina Polasek

*Assistant to the Tribunal*
Dr. Joel Dahlquist

26 March 2020

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 3 of 11 PageID #: 1052
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 3 of 11 PageID: 2123

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

## I.   INTRODUCTION

1.  On 17 March 2020, the Respondent filed its Reply on Preliminary Objections and Rejoinder on Liability and Quantum ("Reply & Rejoinder"), together with exhibits, legal authorities, witness statements and expert reports.

2.  By letter of the same date, the Respondent stated that it was not in position to present with its Reply & Rejoinder evidence that it hoped to obtain through discovery from Mr. Hamit Çiçek, in the Respondent's ongoing 28 U.S.C. §1782 petition (the "1782 Proceeding").[1] The Respondent indicated that it may later seek to introduce into this proceeding new evidence potentially obtained in the 1782 Proceeding. It mentioned a Letter Order issued by the District Court of New Jersey (the "District Court") on 16 March 2020 (the "Letter Order"), which had ordered the Respondent to "provide a declaration within 14 days stating whether the International Arbitration tribunal is receptive to the requested federal-court judicial assistance." The Respondent stated that it expected by 19 March 2020 to make a formal application concerning the Letter Order to the Tribunal.

3.  By letter of 18 March 2020, the Claimant commented on the Respondent's letter of 17 March 2020 (the "Observations"). It stated that the Tribunal should reject any request by the Respondent to file new evidence in this proceeding, given that the Reply & Rejoinder was the Respondent's last submission and in view of paragraph 16.3 of Procedural Order No. 1 dated 31 August 2018 ("PO 1").  The Claimant also requested that the Tribunal decline any application to provide a declaration to the District Court indicating that receptivity to judicial assistance.

4.  On 18 March 2020, the Tribunal acknowledged the Parties' correspondence as well as the Respondent's stated intention to file shortly an application concerning the Letter Order, and invited the Claimant to file, by Monday, 23 March 2020, any further observations on the Respondent's application.

---

[1] The Respondent first notified the Tribunal of the 1782 Proceeding by letter of 20 December 2019.

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 4 of 11 PageID #: 1053
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 4 of 19 PageID: 2124

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

5. On 19 March 2020, the Respondent filed its application concerning the Letter Order, together with factual exhibit R-427 and legal authorities RL-0287 through RL-288 (the "Application"). The Application requested that the Tribunal confirm its receptivity to receiving additional evidence through the 1782 Proceeding, and also requested permission to make both the Application and the Tribunal's ruling public by filing them with the District Court.

6. On 23 March 2020, the Claimant filed its further observations on the Application (the "Further Observations"), together with legal authorities CL-298 and CL-299. The Claimant again requested that that the Application be denied, and that the Tribunal instead confirm its unwillingness to provide a declaration to the District Court or to receive additional evidence after the last scheduled written submission.

## II. THE PARTIES' POSITIONS

### A- Respondent's Application

7. The Respondent requests in its Application that the Tribunal issue a letter or procedural order "indicating its receptivity to receiving evidence relevant and material to the outcome of this arbitration" if the District Court rules in favor of the Respondent in the 1782 Proceeding.

8. According to the Respondent, the Tribunal has discretion to admit new evidence under the applicable procedural rules even after the Respondent's last submission. This is apparent from Arbitration Rules 19 (concerning the inherent powers of the Tribunal) and 34 (granting the Tribunal the power to call upon the parties to produce documents at any stage of the proceeding). Paragraph 16.3 of PO 1 provides that additional or responsive documents may be filed after the filing of a party's last written submission if "the Tribunal determines that exceptional circumstances exist based on a reasoned written request followed by observations from the other party." The Respondent contends that this is consistent with procedural orders in other ICSID cases, where parties were allowed to file additional evidence into the record after their last submission but before the final hearing.

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 5 of 11 PageID #: 1054
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 5 of 11 PageID: 2125

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

9. The Respondent contends that the Tribunal should exercise its discretion with regard to potential new evidence in this case because there are exceptional circumstances in regard to the evidence that it hopes to obtain in the 1782 Proceeding. The evidence is likely to be relevant and material and could be outcome determinative.

10. The Respondent states that it initiated the 1782 Proceeding well in advance of the time limit for the Reply & Rejoinder, on 8 November 2019. The Respondent sought an eight-week extension of the time limit to file its Reply & Rejoinder, but the three-week extension that it received was not sufficient to be able to receive the evidence in time to file it with the submission. The delays in the 1782 Proceeding are beyond the Respondent's control and are due to delaying tactics of Mr. Çiçek's counsel.

11. The Respondent argues that the evidence obtained in the 1782 Proceeding would very likely be critical to the resolution of the issues before the Tribunal. The Respondent explains that the documents to be obtained are critical to two of six of the Respondent's objections to jurisdiction, which are capable of disposing of the entirety of the Claimant's claim. The evidence is also said to be likely relevant to the question of damages, concerning the value of the Claimant's alleged investment.

12. The Respondent observes that it had requested documents related to these matters in its Redfern Schedule, but the Claimant stated that the documents were not in its possession, custody or control because they concerned Mr. Çiçek's personal affairs. The Respondent therefore sought to obtain these documents directly from Mr. Çiçek.

13. The Respondent concludes that the Claimant would not suffer any undue burden or injustice if the evidence were to be submitted, because the Claimant could be provided adequate procedural safeguards and the opportunity to submit its own responsive evidence. Rather, in the Respondent's view, the Claimant's opposition shows that the evidence is expected to be adverse to its position, and the Respondent reserves its right to seek the appropriate adverse inferences should it not be permitted to submit the evidence. The Respondent states that it should be in the interest of both Parties to introduce relevant documents that will assist the Tribunal. It therefore requests that the Tribunal confirm its

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 6 of 11 PageID #: 1055
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 6 of 11 PageID: 2126

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

receptivity to receiving in this proceeding any relevant discovery ultimately obtained from Mr. Çiçek through the 1782 Proceeding.

B- Claimant's Observations and Further Observations

14. The Claimant strongly objects to the Respondent's Application for two main reasons.

15. First, it contends that there is no guarantee that the Respondent will obtain any documents through the 1782 Proceeding, and even if it does, the documents are unlikely to be of any assistance to the Tribunal.

16. Second, in its view, the Application risks further delaying these proceedings, which would cause severe prejudice to the Claimant.

17. The Claimant therefore requests that the Tribunal decline the Respondent's Application and confirm that (i) neither party can submit any additional evidence after its last submission, as provided in para. 16.3 of PO 1; and (ii) the Tribunal is not willing to provide a declaration to the District Court of New Jersey as requested by the Respondent.

18. According to the Claimant, the Respondent's request is meritless. The outcome of the 1782 Proceeding is speculative, and even if the Respondent is successful, it has not been established that any of the documents are in Mr. Çiçek's possession, custody or control. The document requests were little more than a fishing expedition and would not be granted by an international tribunal.

19. The Claimant states that the only documents that could likely be of assistance to the Tribunal concern its jurisdiction. However, the Claimant has admitted that it bears the burden of proving that its claims are within the Tribunal's jurisdiction, and it does not require the documents to sustain its burden of proof; the fact that the Respondent is vigorously pursuing the 1782 Proceeding shows that the Respondent believes its jurisdictional objections are weak. In any event, the Claimant says, it is speculative to state that such documents would be "critical" to the Respondent's jurisdictional objections because their contents are unknown.

Case 1:20-mc-00334-MN Document 17-39 Filed 12/03/20 Page 7 of 11 PageID #: 1056
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 7 of 11 PageID: 2127

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

20. Moreover, the Claimant argues, if the Application were granted, the Parties and the Tribunal will be held hostage to the timetable of the District Court's resolution of the 1782 Proceeding, which may be further delayed by the current pandemic; this could jeopardize the hearing dates. The Tribunal would not only be at the mercy of the District Court, but also at the mercy of the Respondent's counsel to move matters efficiently in the 1782 Proceeding, which to date have been slow to progress. This would lead to delay that would cause severe prejudice to the Claimant. The Respondent's treatment of the Claimant and its investments in Turkey are extremely injurious to the Claimant's reputation. If the hearing dates are vacated, the Claimant would suffer highly disproportionate prejudice. Even if the hearing dates are not vacated, the Claimant says that it would be severely prejudiced by allowing the Application as the Respondent has already been granted additional time to file its submissions.

21. The Claimant argues that the Respondent has not met the very high threshold for "exceptional circumstances" within the meaning of para. 16.3 of PO 1. In the cases cited by the Respondent, there was no material prejudice caused to the relevant counterparty. This does not apply to the current case, as there would be substantial prejudice to the Claimant. The assessment of whether there are exceptional circumstances must be balanced against the severe prejudice that would be caused to the Claimant as a result of the inevitable delay.

22. As for the Respondent's reference to adverse inferences, the Claimant states that there would be no adverse inferences to be drawn by the Tribunal, if the Tribunal itself decides that no further evidence should be submitted. Moreover, there is no reason to suggest that it is in both Parties' interest that evidence be submitted from the 1782 Proceeding.

23. The Claimant therefore requests that the Tribunal reject the Application. In the event that the Tribunal is minded to grant the Application, the Claimant requests that (i) the Claimant be afforded sufficient opportunity to make observations on any new evidence by the Respondent, in accordance with para. 16.3 of PO 1; and (ii) the window for submitting any new evidence is limited so that the dates for the final hearing are not vacated.

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 8 of 11 PageID #: 1057
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 8 of 119 PageID: 2528

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

## III. RELEVANT PROVISIONS

24. Paragraph 16.3 and 16.4 of PO 1 provides that:

    *16. 3. Neither party shall be permitted to submit additional or responsive documents after the filing of its respective last written submission, unless the Tribunal determines that exceptional circumstances exist based on a reasoned written request followed by observations from the other party.*

    *16.3.1. Should a party request leave to file additional or responsive documents, that party may not annex the documents that it seeks to file to its request.*

    *16.3.2. If the Tribunal grants such an application for submission of an additional or responsive document, the Tribunal shall ensure that the other party is afforded sufficient opportunity to make its observations concerning such a document.*

    *16.4. The Tribunal may call upon the parties to produce documents or other evidence in accordance with ICSID Arbitration Rule 34(2).*

25. ICSID Arbitration Rule 19 provides in relevant part that "[t]he Tribunal shall make the orders required for the conduct of the proceeding."

26. ICSID Arbitration Rule 34(2) provides that:

    *The Tribunal may, if it deems it necessary at any stage of the proceeding:*

    *(a) call upon the parties to produce documents, witnesses and experts; and*

    *(b) visit any place connected with the dispute or conduct inquiries there.*

## IV. THE TRIBUNAL'S ANALYSIS

27. The Tribunal begins by emphasizing what it has *not* been asked to do, namely, to delay the present proceedings or to vacate the scheduled hearing dates on account of the 1782 Proceeding. Although the Claimant suggests that a grant of the Application would have

7

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 9 of 11 PageID #: 1058
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 9 of 119 PageID: 2129

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

the effect of "holding the progress of these proceedings to an uncertain outcome in the District Court proceedings," that is not the Application before the Tribunal. There has been no request for the hearing dates to be vacated, much less for any kind of suspension or stay of these proceedings pending the outcome of the 1782 Proceeding.

28. Nor is there any request at present for the Tribunal to admit into evidence specific documents that have become newly available. Section 16.3 of PO1 provides a procedure for requesting leave to file such additional documents, as well as an applicable standard for considering such a request. In the view of the Tribunal, any such application could not be decided in the abstract, about a potential body of new evidence which may or may not become available and which may or may not be demonstrably material to the case; rather, it would have to be considered with specific reference to particular documents whose materiality could be articulated. Specifically, a Party requesting leave to submit late acquired documents would need to demonstrate, under the "exceptional circumstances" standard reflected in Section 16.3, that the *importance* of these documents to the case justifies their submission at this juncture of the case. In considering this issue, the Tribunal would need to consider the *particular juncture* actually at issue, based on when the documents became available, weighing the benefits of admitting the allegedly material information against any prejudice that might result and taking into account any mitigation steps that might be achievable. It is therefore both premature, and would be entirely speculative, for the Tribunal to rule now (one way or the other) on the admissibility of *particular* documents that may or may not be obtained in due course through the 1782 Proceeding.

29. That, however, is not the Application presently before the Tribunal. The Tribunal has not been asked to admit any particular documents into evidence at this point. The Application simply asks the Tribunal to indicate, in response to the District Court's question, whether it would be "receptive" to receiving evidence that may become available through the 1782 Proceeding. The Tribunal interprets that to be a question about admissibility *in principle*, rather than about the admissibility of particular documents – in other words, would the Tribunal be open to admitting such evidence, if it were to be offered from this source (the

8

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 10 of 11 PageID #: 1059
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 10 of 11 PageID: 2130

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

1782 Proceeding)? As to that question, the Tribunal sees no reason to blinker itself in advance to the possible proffer of evidence that could be relevant and material to the two pending jurisdictional questions or to other issues in this case, in circumstances where it is contended that such evidence could not have been presented earlier because it was not previously in the possession of either Party. There is nothing inherently inappropriate about use of a 1782 Proceeding to obtain evidence from a third party for use in an ICSID arbitration. The question rather becomes one of balancing materiality, fairness, timing and prejudice with respect to particular documents, as it would be for any other application under Section 16.3 of PO1 for late evidence obtained from any source.

30. For these reasons, the Tribunal declares, in answer to the District Court's question, that it would be *open in principle* to (*i.e.*, would not rule out) admitting evidence obtained through the 1782 Proceeding, provided that any such evidence were demonstrated in due course to be both (a) material to issues in this case, and (b) available for submission in appropriate time to permit both Parties to consider it and to submit their respective observations without undue delay. If and when the Tribunal is advised that particular evidence in fact has been secured and is being proffered for use, it will weigh these factors and, if applicable, provide a schedule for the filing of observations. In the meantime, however, the procedural calendar for this case continues unaffected by the pendency of the 1782 Proceedings.

31. This ruling may be filed with the District Court in response to its specific inquiry. However, the Respondent's additional request that it be allowed also to file its Application with the District Court, which contains *inter alia* specific allegations regarding the facts and issues before this Tribunal, is denied. The Tribunal believes this ruling speaks for itself and does not require a public airing of the allegations in the underlying Application.

## V. DECISION

32. For the reasons stated above, the Tribunal decides as follows:

   a. The Respondent's Application that the Tribunal confirm its receptivity in principle to receiving additional evidence through the 1782 Proceeding is granted, and the

9

Case 1:20-mc-00334-MN Document 17-3 Filed 12/03/20 Page 11 of 11 PageID #: 1060
Case 2:19-cv-20107-ES-SCM Document 39-1 Filed 03/30/20 Page 11 of 11 PageID: 2131

*Cascade Investments NV v. Republic of Turkey*
*(ICSID Case No. ARB/18/4)*
Procedural Order No. 7

Claimant's corresponding request that the Tribunal declare its unwillingness to receive additional evidence after the last scheduled written submission is denied, both however on the understanding detailed above that the admissibility of *particular* evidence would depend on further assessment of factors relevant to the standard set forth in Section 16.3 of PO 1.

b. The Respondent's Application for permission to make its Application public by filing it with the District Court is denied, but the Application to file this ruling with the District Court is granted.

On behalf of the Tribunal,

*[signature: Jean E. Kalicki]*

_____
Jean E. Kalicki
President of the Tribunal

Date: 26 March 2020