Exhibit 12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Ex Parte Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | C.A. No. 1:20-mc-00334-MN |

## SUPPLEMENTAL DECLARATION OF MANFREDI BONTEMPELLI

1. I have been asked by Respondents to examine the December 6th, 2020 declaration of Massimiliano Diodà. I dedicated particular attention to what Mr. Diodà says at point 11 of his declaration.

2. In the present case, the Tribunal of Milan rejected requests for new evidence after a public hearing, on February, 5th, 2020. According to the declaration of Mr. Diodà, the Milan's court rejection of new evidence pursuant to article 507 c.p.p. "has no bearing on whether the court will also reject the evidence Eni now seeks".   That is incorrect. In fact, this finding forecloses any realistic possibility that the court would admit any new evidence Eni seeks to obtain, regardless of the source of that evidence.

3. The court's previous decision not to admit new evidence shows that: (a) the court had considered whether the evidentiary record on the criminal matter was incomplete or, on the contrary, complete, and (b) the court concluded that the record was complete. This is not controversial and derives from the criterion enunciated by the jurisprudence cited in points nn. 34-36 of my November, 17th, 2020 declaration. Otherwise, the court would necessarily have had to acquire new evidence, pursuant to article 507 c.p.p., in order to fill the incompleteness. In fact, at the end of the trial instruction the court is not limited by the requests of the parties and can also ex officio acquire new evidence of any kind, if it considers that necessary to obtain a complete assessment of the facts on the criminal matter.   The fact that it did not do so confirms conclusively that the court considered the record to be complete.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December, 17th, 2020.

lawyer prof. Manfredi Bontempelli

# Exhibit 13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ELM 3DS INNOVATIONS LLC, a Delaware Limited Liability Company,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Business Entity, SAMSUNG SEMICONDUCTOR, INC., a California Corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation, SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware Limited Liability Company,<br><br>        Defendants. | C.A. No. 14-1430-LPS |

## MEMORANDUM ORDER

Pending before the Court is Defendants' (collectively, "Samsung's") request to compel certain litigation funding-related discovery from Plaintiff ("Elm"). (*See* D.I. 341, 344, 348, 349, 355, 367, 371.) During a discovery dispute teleconference, the Court ordered Elm to produce for *in camera* review a selection of 50 disputed documents from the following four categories: (1) agreements with third parties that provided or considered providing litigation funding (Category 1); (2) communications with third parties that did not provide litigation funding (Category 2); (3) communications with funders that occurred prior to this litigation (Category 3); and (4) communications with funders that occurred after this litigation began (Category 4). Samsung contends that the disputed discovery is relevant to damages, "key" substantive patent issues, standing, "trial themes," and bias. Samsung further argues that the requested discovery is not privileged or protected by the work product doctrine. Elm responds that the disputed documents are irrelevant and protected by the work product doctrine.

Having now reviewed *in camera* the documents submitted by Elm, and having considered all of the parties' filings, **IT IS HEREBY ORDERED** that Samsung's request to compel discovery is **DENIED**.

1.     "Discoverability of litigation funding materials under Federal Rule of Civil Procedure 26 is a contested issue on which there is no binding precedent in the Third Circuit." *United Access Techs., LLC v. AT&T Corp.*, No. CV 11-338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020). Judges in this district have found it "prudent" to review *in camera* disputed litigation funding-related documents. *Id.* That is the approach the Court has taken here.

2.     I conclude that the documents in Category 1 are not relevant. Although there is a split of authority, I agree with the courts that have concluded that litigation funding agreements themselves are generally not relevant. I have also reviewed the submitted documents at issue here, and I agree with Elm that they are not relevant to any of the issues proffered by Samsung.

3.     Having reviewed the submitted documents in Categories 2 and 3, I note that portions of certain attachments to a subset of those documents discuss litigation strategy with respect to the patents-in-suit and are thus (arguably) marginally relevant to the parties' claims and defenses. However, those documents were clearly prepared in anticipation of litigation (regardless of which test applies to that determination) and are thus protected by the work product doctrine.[1]

4.     I conclude that the documents in Category 4 are protected by the work product doctrine.

Dated: November 19, 2020

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE

---

[1] Samsung has not argued that any work product protection was waived because the documents were disclosed to a third party, and I would reject that argument.