**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In Re Ex Parte* Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 20-mc-00334-MN<br><br>**Redacted Document Filed January 19, 2021**<br><br>**Sealed Document Filed January 11, 2021 at Dkt. No. 27** |

**SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ENI S.P.A.'S OPPOSITION TO RESPONDENTS' MOTION TO
VACATE ORDER PERMITTING DISCOVERY, TO QUASH OR
MODIFY SUBPOENAS, AND/OR FOR A PROTECTIVE ORDER**

LANDIS RATH & COBB LLP
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, DE  19801
(302) 467-4400
rath@lrclaw.com
butcher@lrc.law.com
cree@lrclaw.com

SULLIVAN & CROMWELL LLP
Nicolas Bourtin (*pro hac vice*)
Beth Newton (*pro hac vice*)
Michele C. Materni (*pro hac vice*)
125 Broad Street
New York, NY  10004
(212) 558-4000
bourtinn@sullcrom.com
newtonb@sullcrom.com
maternim@sullcrom.com

January 11, 2021                                          *Counsel for Applicant Eni S.p.A.*

{W0063877.}

Pursuant to the Court's order of January 4, 2021, Eni S.p.A. ("Eni") respectfully submits this sur-reply addressing newly raised arguments asserted in Respondents' Reply Brief in support of their motion to vacate this Court's order permitting discovery, D.I. 8 ("Order"), to quash or modify subpoenas, and/or for a protective order, D.I. 18 ("Reply").

## ARGUMENT

In a futile effort to undercut Eni's showing that the discovery it seeks is relevant to the International Arbitration within the meaning of Section 1782, the Reply mischaracterizes the demand filed by Eni in that arbitration (the "Demand").[1]  Respondents' attempt to distort the Demand to fit their narrative fails on two levels:  (i) as a matter of fact, because they disregard most of the allegations in the Demand; and (ii) as a matter of law, because they also ignore the relevance of the requested discovery to those allegations under the liberal standard applicable here.

*First*, in their attempt to show that Eni "failed to disclose material facts" in the Application (Reply at 2-3), Respondents rely on selective citation to concoct a misleading and inaccurate description of the Demand.  According to Respondents, the Demand merely states that ██████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ███████████████████████████████████ That is simply wrong.

In reality, the Demand alleges principally as follows: ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

---

[1]  Citations to the Demand herein are to Exhibit 11 to the Declaration of David E. Ross, D.I. 19. Capitalized terms not defined in this memorandum have the meanings assigned to them in the memorandum of law filed by Eni in support of its application to this Court for an order under 28 U.S.C. § 1782.  *See* D.I. 2.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

These assertions belie Respondents' contention that the Demand ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

*Second*, and relatedly, the Demand forecloses Respondents' attempts to undermine that showing of usefulness. Respondents assert that the requested discovery "is plainly irrelevant" to the International Arbitration ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Nor can Respondents credibly dispute that links between their direct or beneficial investors and FRN officials, if shown, would be relevant to Eni's claims in the International Arbitration.[2]



Eni reasonably believes that the requested discovery may show that private interests seeking personal gain are motivating the FRN to assert its groundless claims.

See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); 28 U.S.C. § 1782(a) (incorporating Federal Rules of Civil Procedure).

## CONCLUSION

Respondents' transparent attempt to distract the Court, this time with baseless assertions concerning the Demand, is once again unavailing.  The Demand underscores exactly what Eni has been arguing since it filed the Application:  The discovery Eni seeks is "for use in," and will likely be relevant to, the International Arbitration.  The Court should uphold the Order—which is supported by *both* the International Arbitration *and* the Italian Actions, each of which provides an independent basis for the requested discovery—and deny Respondents' motion in full.

---

[2]   The Reply continues to tiptoe around the question of whether such links exist.  Despite disparaging Eni's arguments on this point as "desperate" (Reply at 5), Respondents still refuse to state either (i) whether Respondents have indirect beneficiaries with connections to the FRN (or direct beneficiaries that, while not current or former FRN officials themselves, are associated with such officials); or (ii) the percentage of any recovery by the FRN that Respondents stand to receive.

Dated:  January 11, 2021

LANDIS RATH & COBB LLP

*/s/ Jennifer L. Cree*
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington DE  19801
(302) 467-4400
rath@lrclaw.com
butcher@lrclaw.com
cree@lrclaw.com

and

SULLIVAN & CROMWELL LLP
Nicolas Bourtin  (*pro hac vice*)
Beth Newton (*pro hac vice*)
Michele Materni (*pro hac vice*)
125 Broad Street
New York, NY  10004
(212) 558-4000
bourtinn@sullcrom.com
newtonb@sullcrom.com
maternim@sullcrom.com

*Counsel for Applicant Eni S.p.A.*