## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In Re Ex Parte* Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 20-mc-00334-MN |

### ENI S.P.A.'S MOTION TO EXPEDITE THE COURT'S CONSIDERATION OF RESPONDENTS' MOTION TO VACATE ORDER PERMITTING DISCOVERY, TO QUASH OR MODIFY SUBPOENAS, AND/OR FOR A PROTECTIVE ORDER

Applicant Eni S.p.A. ("Eni"), by and through its undersigned attorneys, respectfully requests expedited consideration of Respondents' Motion to Vacate Order Permitting Discovery, to Quash or Modify Subpoenas, and/or for a Protective Order, D.I. 11 (the "Pending Motion").

1. On October 6, 2020, Eni petitioned the Court under 28 U.S.C. § 1782 for leave to obtain discovery from Respondents for use in foreign proceedings (D.I. 1 (the "Application")). In particular, the Application sought leave to serve Respondents with subpoenas for the production of documents and deposition testimony for use in Italian court proceedings (the "Italian Actions") and an international investor-state arbitration. (*See*, *e.g.*, *id.* at 1.) The Application noted that the trial phase of the Italian Actions was nearing conclusion. (*See*, *e.g.*, Decl. of Nicolas Bourtin, D.I. 3, Ex. E ¶ 4.)

2. On October 15, 2020, the Court granted the Application. (*See* D.I. 8.) Eni then promptly served Respondents on October 20, 2020 with subpoenas seeking the information described in the Application (the "Subpoenas").

3. On November 12, 2020, Respondents filed the Pending Motion, asking the Court (i) to vacate the order granting the Application; (ii) to quash and/or modify the Subpoenas;

and, in the alternative, (iii) to enter a protective order limiting the use and disclosure of any materials produced pursuant to the Subpoenas. (*See* D.I. 12.)

4. On December 28, 2020, Eni requested oral argument on the Pending Motion. (*See* D.I. 24.) The motion was fully briefed on January 11, 2021. (*See* D.I. 16 (Eni's Opp. Br.); D.I. 18 (Respondents' Reply Br.); D.I. 27 (Eni's Sur-Reply Br.).)

5. On February 8, 2021, Eni filed a Notice of Related Proceedings (D.I. 29) to advise the Court that the Milan court overseeing the trial in the Italian Actions had granted a request by the Milan Public Prosecutor to admit additional evidence in those cases, refuting Respondents' contention that the evidence phase of the Italian Actions was closed. (*Id.* at 1-2.) Respondents filed a response to the Notice of Related Proceedings on February 11, 2021.

6. The trial phase of the Italian Actions is now approaching its conclusion. As set forth in the accompanying declaration of Eni's Italian counsel, there are two remaining trial dates scheduled: March 17, 2021 and March 31, 2021. (Dioda Decl. ¶ 3.) Thus, the Milan court is expected to render a verdict no later than March 31, 2021. (*Id.*) After that date, Eni will no longer be able to use the documents that it seeks from Respondents in the trial phase of the Italian Actions. (*Id.* ¶ 4.)

7. If Eni has no opportunity to present that evidence during the trial phase, it faces the prospect of significant harm. As described in Eni's prior submissions, the discovery it seeks may directly impact the Milan court's assessment of both Eni's criminal and civil liability and the amount of civil damages owed by Eni if it is held liable. (*See*, *e.g.*, Eni's Opp. Br., D.I. 16, at 11-12.) If the court were to rule against Eni, but this evidence would have resulted in an acquittal (or a more favorable damages award), then Eni would be harmed because it would be forced to enter the appellate phase of the proceeding as the appellant rather than the appellee. In

that event, Eni would suffer all of the disadvantages that accompany an effort to overturn an unfavorable verdict, instead of benefitting from the advantages of seeking to uphold a favorable one. Those disadvantages would persist notwithstanding that Eni could—and would—seek to introduce any relevant discovery produced by Respondents on appeal, as Italian procedural rules would permit (*see* Supp. Decl. of Nicolas Bourtin, D.I. 17, Ex. A ¶ 12). For this reason, Eni now requests the Court's assistance in ensuring that it has an opportunity to present the discovery it seeks to the Milan court before the court renders a trial verdict.

8. **D. Del. LR 7.1.1 Averment**: Pursuant to D. Del. LR 7.1.1, counsel for Eni certify that they conferred with counsel for Respondents regarding this motion and, at Respondents' request, shared a copy of the motion with Respondents' counsel. Despite the fact that Eni seeks expedition of Respondents' own motion, however, Respondents refused to consent, asserting without elaboration that Eni's request is belated and would prejudice them and the Court. Respondents further contended that "there is no realistic chance that the subpoenas could lead to production of documents in time for Eni to use them at trial," but that plainly is not the case. Nearly a month remains before the March 31 trial date in Milan. A reasonably diligent respondent could readily comply with the narrowly tailored Subpoenas in advance of that date. Indeed, Respondents' position strongly suggests that they filed the Pending Motion as a delay tactic and continue to use it as such.

For the reasons set forth above, Eni respectfully seeks expedited consideration of the Pending Motion. Eni is mindful of the unprecedented imposition on the Court's time and resources caused by the ongoing COVID-19 pandemic but respectfully submits that expedited treatment is nonetheless warranted here so that Eni does not lose its opportunity to present any relevant discovery obtained from Respondents to the Milan court before it renders a verdict.

-4-

| | |
|---|---|
| Dated:  March 10, 2021 | LANDIS RATH & COBB LLP |
| | |
| | */s/ Rebecca L. Butcher*<br>Daniel B. Rath (No. 3022)<br>Rebecca L. Butcher (No. 3816)<br>Jennifer L. Cree (No. 5919)<br>919 Market Street, Suite 1800<br>Wilmington DE  19801<br>(302) 467-4400<br>rath@lrclaw.com<br>butcher@lrclaw.com<br>cree@lrclaw.com |
| | and |
| | SULLIVAN & CROMWELL LLP<br>Nicolas Bourtin  (*pro hac vice*)<br>Beth Newton (*pro hac vice*)<br>Michele Materni (*pro hac vice)*<br>125 Broad Street<br>New York, NY  10004<br>(212) 558-4000<br>bourtinn@sullcrom.com<br>newtonb@sullcrom.com<br>maternim@sullcrom.com |
| | *Counsel for Applicant Eni S.p.A.* |