IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Ex Parte Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | C.A. No. 20-mc-00334-MN |

**[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

WHEREAS, Respondents Poplar Falls, LLC, Drumcliffe Partners I LLC, Drumcliffe Partners II LLC, Drumcliffe Partners III LLC, Drumcliffe Partners III SMA I, LLC, Drumcliffe Partners IV LLC, and Drumcliffe Partners IV SMA1, LLC ("Respondents"), having moved for entry of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information;

IT IS HEREBY ORDERED that:

1. ***Designated Materials.*** Respondents may designate documents or information produced in response to the subpoenas issued in this action as "Confidential Information" or "Highly Confidential Information" (collectively, "Designated Materials").

    a. "Confidential Information" means any documents or information that Respondents reasonably and in good faith believe contains or would disclose non-public, confidential, proprietary, financial, customer, client or commercially sensitive information, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or other applicable laws or regulations.

    b. "Highly Confidential Information" means any documents or information that Respondents reasonably and in good faith believe contains or would disclose

    material regarding business and investment strategies; the identity of Respondents' investors, beneficial owners, or limited partners; pricing and cost information; confidential client, investor, or customer account information; and/or other commercial or financial information, the disclosure of which would create a substantial risk of causing Respondents or their owners, employees, customers, investors, limited partners, or clients, to suffer monetary or non-monetary injury or competitive or commercial disadvantage.

  c. For avoidance of doubt, the following documents may be designated by Respondents as Highly Confidential:

    i. Any document that shows the identity of any Person with any direct or indirect ownership interest in any Respondent, including any beneficial ownership interest.

    ii. Contracts, agreements, commitments, and/or financial arrangements between (i) any Respondent, or any Person acting for it or on its behalf; and (ii) any other Person with respect to any proceedings or other matters relating to OPL 245.

  d. Petitioner Eni S.p.A. ("Eni") does not concede that any document marked as Confidential or Highly Confidential by any Respondent is entitled to confidential treatment under the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the District of Delaware, or any other applicable laws or rules.

2. ***Marking of Confidential Documents.*** Documents and other tangible material claimed to be or to contain Confidential or Highly Confidential Information shall, prior to

production, be marked by Respondents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. Copies, extracts, summaries, notes, and other derivatives of designated materials, including oral descriptions, also shall be deemed Confidential or Highly Confidential Information, as applicable, and shall be subject to the provisions of this Order.

3. ***Access to Confidential Information***. Except as otherwise expressly provided herein or ordered by the Court, Eni's outside counsel shall not, directly or indirectly, in whole or in part, reveal, disclose or make available for inspection or copying any designated Confidential Information to any person, except the following:

(i) to Eni, including but not limited to its internal counsel;

(ii) to this Court;

(iii) to the Italian criminal court referred to in Eni's October 6, 2020 Memorandum in Support of Ex Parte Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings at 11-12 (D.I. 2) (the "Memorandum of Law"), as well as any court of appeal, and the arbitral panel in the ICSID arbitration also referred to in the Memorandum of Law (collectively, the "Proceedings");

(iv) to Outside Counsel in connection with any of the Proceedings;

(v) to court reporters transcribing a deposition, hearing, or other proceedings, when necessary and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(vi) to witnesses appearing in the Proceedings;

(vii) to any experts and consultants retained by Eni or Outside Counsel in good faith to assist in the preparation, settlement, or hearing in any of the Proceedings; and

(viii) to other persons as ordered by the Court or agreed to in writing or on the record by the Parties.

4. ***Access to Highly Confidential Information***.  Except as otherwise expressly provided herein or ordered by the Court, designated Highly Confidential Information shall not, directly or indirectly, in whole or in part, be revealed, disclosed or made available for inspection or copying to any person, except the following:

(i) to this Court;

(ii) to Outside Counsel who have entered an appearance in this Action prior to the entry of this Order;

(iii) to other persons as ordered by the Court or agreed to in writing or on the record by the Parties.

5. ***Confidentiality Agreement.***  Each person entitled to receive Designated Materials (other than the courts in the Proceedings, their personnel, and court reporters, and Eni's Outside Counsel who have made an appearance in the Action) pursuant to this Order shall, prior to gaining access to such information, sign a Confidentiality Agreement in the form attached as Exhibit A.  No person entitled to receive Designated Materials shall receive such information unless Eni has reason to believe that he or she has an actual need to know that information for purposes of the conduct of the Proceedings.  Eni shall retain copies of all Confidentiality Agreements executed in accordance with this paragraph and shall produce them to Court upon Court order or as otherwise agreed by the Parties.

6. ***Use of Designated Materials***. As this Court has previously ruled, the discovery sought by Eni is relevant only to the extent it may contain or lead to discoverable evidence of a connection between Respondents and current or former FRN officials. D.I. 36 at 11. Accordingly, Eni's Outside Counsel may use Designated Materials, in the first instance, only to evaluate whether any such connection exists. If Eni wishes to use the Designated Materials for any other purpose, including but not limited to seeking additional discovery from Respondents or any non-party, Eni shall apply to the Court, with notice to Respondents, for permission to do so. Any such application shall be filed under seal in its entirety. Before making any such application, Eni and Respondents shall confer in good faith regarding the basis for Eni's belief that there is evidence of a connection between Respondents and current or former FRN officials, to allow Respondents an opportunity to provide any additional information pertinent to Eni's position.

7. ***Reasonable Precautions***. Eni shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Designated Materials. Without limitation of the foregoing, Designated Materials subject to the terms of this Order shall, when not in use, be stored in such a manner that individuals not in the employment or service of those possessing Designated Materials will be unlikely to obtain access to the Designated Materials.

8. ***Return/Destruction After Litigation.*** Within thirty (30) days of the final termination of the last of the Proceedings or sooner if so ordered by the Court, Outside Counsel for Eni shall (i) return to counsel for Respondents all items constituting, containing, or reflecting Designated Materials; or (ii) destroy all such items. Outside Counsel for Eni shall certify that all such Designated Materials have been returned or destroyed. Notwithstanding the provisions of this Paragraph, Outside Counsel shall be permitted to retain for archival purposes one (1) copy of

any of the following documents regardless of whether such documents constitute, contain, or reflect Designated Materials:  all documents admitted as exhibits during any hearings; any affidavits, declarations or other statements offered into the record in one or more of the Proceedings; any work product relating to the Proceedings; and all pleadings and attachments thereto filed in the Proceedings.

9. ***Continuing Obligation.***  Neither the termination of the Proceedings nor the termination of the employment, engagement, or agency of any individual who had access to any Designated Materials shall relieve any individual from the obligation of maintaining both the confidentiality and the restrictions on use of any Designated Materials disclosed pursuant to this Order.

10. ***No Limitation of Other Rights.***  This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

11. ***Procedures for Filing Papers With Designated Material.***  Unless otherwise ordered by this Court, Eni, to the extent allowed by the tribunal in any Proceeding, shall file any Designated Materials under seal in accordance with the laws, rules, and procedures applicable in the Proceeding in which they are to be filed.

12. ***Effective Date.***  This Order shall be effective immediately upon entry by the Court, provided that any Designated Materials produced prior to the entry of the Order shall be deemed Highly Confidential Information and shall be governed by paragraph 6 hereto, unless and until they are re-designated by Respondents or by further order of the Court.

13. ***Efforts by Non-Parties to Obtain Designated Materials.***  If Eni receives a subpoena or other compulsory process from a non-party to this Order seeking production or other

disclosure of Designated Materials, then Eni, unless prohibited by law or court order, shall give written notice to outside counsel of record for Respondents within three (3) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Materials sought and enclosing a copy of the subpoena or other compulsory process. If Respondents timely seek a protective order, Eni shall not produce the Designated Materials requested prior to receiving a Court order or consent of Respondents. To the extent permissible under applicable law and unless otherwise ordered by a court, in the event that Designated Materials are produced to the non-party, such disclosure shall be made under seal or pursuant to a confidentiality order or protective order that will provide that the Designated Materials will remain non-public.

**IT IS SO ORDERED** this \_\_\_\_ day of _____, 2021.

                                                          Hon. Maryellen Noreika
                                                          U.S. District Court Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Ex Parte Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | C.A. No. 20-mc-00334-MN |

## **CONFIDENTIALTY AGREEMENT**

I, _____, state that:

**1.** My address is _____.

**2.** My current employer is _____ and the address of my current employer is _____.

**3.** My current occupation or job description is _____.

**4.** I hereby acknowledge that I may receive information designated as Confidential or Highly Confidential Information pursuant to the Protective Order Governing Confidentiality entered in the above referenced case (the "Order").

**5.** I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Order, that I have been given a copy of and have read the Order and that I am familiar with and agree to be bound by the terms of the Order.

**6.** I also understand that my willful violation of the provisions of the Order prohibiting unauthorized disclosure may result in contempt proceedings against me in the United States District Court for the District of Delaware, which has exclusive jurisdiction for resolution of any disputes relating to this Agreement.

**7.** I hereby irrevocably consent and submit to the non-exclusive jurisdiction of the United States District Court for the District of Delaware for the purpose of the enforcement or

adjudication of the Order and/or this Agreement, and I irrevocably and unconditionally waive and agree not to plead or claim in any court or tribunal that any such suit, action or other proceeding brought in of the United States District Court for the District of Delaware has been brought in an inconvenient forum.

Dated: _____, 20\_\_\_    By: _____

Print Name: _____