## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In Re Ex Parte* Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 20-mc-00334-MN |

## **RESPONSE TO MOTION TO EXPEDITE CONSIDERATION**

Applicant Eni S.p.A. ("Eni") respectfully submits this response to Respondents' motion to expedite the Court's consideration of Respondents' pending motion to stay the Court's March 19, 2021 Order, D.I. 41 ("Mot.").[1]

Eni does not object to expedited consideration of Respondents' pending motion. As set forth in Eni's opposition, D.I. 42, that motion is a futile attempt by Respondents to justify their violation of a Court-ordered production deadline. Eni has no objection to the Court's swift disposition of Respondents' meritless requests. Eni is nonetheless forced to submit this response to correct the numerous inaccuracies in Respondents' motion to expedite, which, like their prior submissions in this action, is riddled with misstatements and baseless attacks on Eni's motivations.

Despite styling their request as a "motion to expedite," Respondents confusingly assert that there is "no urgency" (Mot. at 1) and then devote the majority of their submission to relitigating the merits of their stay motion. (*See*, *e.g.*, Mot. at 3 ("The Court should grant a stay to alleviate Eni's improper threat of sanctions . . . ."); *id.* at 4 ("Respondents have shown a sufficient likelihood of success to warrant a stay.").) As described in Eni's opposition to the stay motion, Respondents'

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the memorandum filed by Eni in support of its application for an order under 28 U.S.C. § 1782 (*see* D.I. 2 ("App.")).

motion is groundless for several independently dispositive reasons. To avoid compounding Respondents' wasteful repetition of arguments, Eni will not reiterate those points here and instead respectfully refers the Court to its response brief for a statement of its position. *See* D.I. 42.

Aside from rehashing their request for a stay, Respondents principally contend that a decision on that request is necessary "to alleviate Eni's improper threat of sanctions and preserve Respondents' ability to pursue further relief through the Reconsideration Motion." (Mot. at 3.) But despite deriding Eni's sanctions request as "vindictive" and "improper" (*id.* at 3, 5), Respondents do not dispute any of the facts supporting that motion: Six of the seven Respondents violated the Court's March 19 order by failing to respond to Eni's subpoenas by the deadline of April 5, 2021. Four of those six Respondents have subsequently each produced a single document, and the remaining two continue to refuse to comply. Further, the one Respondent that met the April 5 production deadline, Drumcliffe Partners IV LLC ("Drumcliffe IV"), failed to produce documents sufficient to identify its indirect and beneficial owners, even though the Court's production order required it to do so. (*See* D.I. 44 at 6.)

On the same day their production deadline expired—and without conferring in advance with Eni—Respondents sought a stay of the Court's order as to the non-compliant Respondent entities, raising for the first time the argument that only Drumcliffe IV should be subject to discovery because Drumcliffe IV supposedly is the only Respondent with a financial interest in the Italian Actions. Respondents asserted that position despite all but admitting that the other entities have financial interests in *other* litigation asserted by the Nigerian government against Eni regarding OPL 245 that is also covered by the Court's production order. (D.I. 44 at 5-6.)

To the extent that that series of events has impeded Respondents' "ability to pursue further relief through the Reconsideration Motion" (Mot. at 3), they have no one to blame but themselves.

2

Putting aside that Respondents' stay request is substantively groundless, it is based on an assertion regarding Respondents' financial interests in the proceedings they have financed for the Nigerian government. That information has been available to Respondents since Eni served its subpoenas in November 2020. Yet Respondents failed to bring it to the Court's or Eni's attention until the day of their production deadline, despite spending the previous *five months* litigating the propriety of Eni's subpoenas. Having violated a Court-ordered deadline on the basis of a meritless, belatedly asserted contention, Respondents cannot insist that the Court prioritize their attempt to retroactively justify their violation. *See*, *e.g.*, *Cook* v. *Corbett*, 2015 WL 4111692, at *11 (E.D. Pa. July 8, 2015) (party "cannot obtain relief as a result of delays which are of his own making").

This record of discovery misconduct by Respondents—which belies their incredible assertion that they have "bent over backward to comply with the Court's . . . [production] Order" (D.I. 5)—forced Eni to seek sanctions. Eni's motion is squarely supported by controlling authority. *See McLaughlin* v. *Phelan Hallinan & Schmieg*, *LLP*, 756 F.3d 240, 249 (3d Cir. 2014) (affirming imposition of sanctions for violation of discovery order, notwithstanding sanctioned party's contention that documents it withheld were irrelevant); *see also Willemijn Houdstermaatschaapij BV* v. *Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) (party cannot absolve itself from "basic discovery rules" simply by seeking a stay; "unless and until it is granted a stay, [the moving party] should be required to conduct discovery as if no motion had been filed"). Respondents' assertions to the contrary are transparent attempts to distract from their glaring discovery violations. Taking those assertions in turn:

1. Eni did not "threaten sanctions just before [its] opposition brief was due" (Mot. at 3-4), nor did it seek sanctions "to force Respondents to abandon the Reconsideration Motion" (*id.* at 1). Eni, as required by this Court's rules, sought to confer with Respondents regarding its

contemplated sanctions request on April 14, 2021, nearly a week before it responded to the reconsideration motion. (*See* D.I. 41 Ex. A at 1.) And Eni never asked Respondents to withdraw that motion. It simply informed them that it intended to seek sanctions "unless Respondents agree[d] to *comply immediately and in full with the Court's production order*." (D.I. 41 Ex. A at 1 (emphasis added).) At Respondents' behest, Eni then waited five days to file its motion to give Respondents an opportunity to cure their violation of that order, which they failed to do. Two Respondents "st[oo]d on" their refusal to produce any documents; four others produced just one document each, nearly two weeks after the deadline; and even Drumcliffe IV continued to refuse to comply in full. (*See* D.I. 44 Ex. A at 1.)

2.   Respondents attempt to minimize this non-compliance by claiming that their production to date demonstrates that Drumcliffe IV's investors "have no ties to current or former FRN officials." (Mot. at 5.) That is inaccurate. As set forth in Eni's sanctions motion, it is impossible to discern from Drumcliffe IV's production whether its investors are connected to FRN officials, because the documents produced fail to identify its indirect and beneficial owners. (*See* D.I. 44 at 6.)

3.   Respondents contend that "there is no prospect that Eni will suffer any harm that a costs order would redress" because Eni supposedly "has conceded that there is no longer any exigency to its discovery requests." (Mot. at 4.) That assertion misses the point entirely. As Eni expressly informed Respondents, the harm for which it seeks redress in its sanctions motion is the needless expense Respondents forced it to incur in order to oppose their baseless reconsideration motion and seek a *third* ruling that Eni is entitled to the documents Respondents refuse to disclose. (D.I. 41 Ex. A at 1.) Rule 37 contemplates precisely such relief when a party sustains costs as a result of its opponent's recalcitrance. Fed. R. Civ. P. 37(b)(2)(C) (court "*must*" order the

disobedient party" to "pay the reasonable expenses, including attorney's fees, caused by . . . [its] failure" to comply with a discovery order, unless the "failure was substantially justified or other circumstances make an award of expenses unjust") (emphasis added); *see also McLaughlin*, 756 F.3d at 249 (upholding sanctions award in part because party's violation of discovery order "caused additional briefing").

The "exigency" of Eni's discovery requests has no bearing on this sanctions analysis, and the Court should reject Respondents' remarkable position that they are free to ignore Court-imposed discovery deadlines as long as there is no "pressing need for the documents[.]" (D.I. 41, at 3.) *First*, Respondents are wrong to suggest that Eni no longer needs the discovery ordered by the Court. Eni intends to use that discovery in the near term in the Foreign Actions, including the International Arbitration, where Eni is currently in the process of preparing its principal submission. That remains the case notwithstanding the abatement, following Eni's acquittal in the Italian Actions, of the particular urgency described in Eni's motion to expedite the Court's March 19 decision. (*See* D.I. 32.) *Second*, Respondents have identified no authority, and there is none, permitting a party to ignore a discovery deadline that it unilaterally decides is not urgent. That position is unsupportable in any context but is especially so under Section 1782, which permits discovery even where the relevant foreign proceedings have not yet begun. (*See* D.I. 42.)

4.     Respondents next assert that Eni's sanctions request is invalid because Eni is "a multi-national corporation that makes billions of dollars in annual profits" and thus supposedly will not "suffer financially by opposing Respondents' [reconsideration and stay] motion." (Mot. at 4-5.) That argument is baseless. It should hardly need noting that Rule 37 does not permit a party to defy discovery orders without consequence as long as its opponent can bear the costs of responding to such misconduct.

5. Lacking any legal or factual basis for their conduct in this case, Respondents resort to attacking Eni's motivations. That tactic is unfortunately by now familiar given Respondents' similar approach throughout this litigation.[2] Particularly egregious is Respondents' false assertion that Eni has informed them it intends to "hold [Respondents' investors] accountable" for financing litigation against Eni. (D.I. 41, at 6; *see also id.* at 5.) As Respondents well know, and as set forth in Eni's opposition to their reconsideration motion, Eni has never expressed any such intention. (*See* D.I. 42, at 10.) In any event, Respondents' baseless insults do not change the facts that mandate denial of their position: Respondents withheld documents in violation of a discovery order based on a contention regarding those documents' relevance that is both wrong and inexcusably untimely. The Court should reject Respondents' position, order them (again) to produce the information they have withheld, and require Respondents to reimburse the costs they have forced Eni to incur in order to enforce the Court's March 19 order.

---

[2] *See*, *e.g.*, Mot. at 5 (accusing Eni of seeking "retribution against Respondents"); *id.* (calling Eni "needlessly vindictive"); Mot. at 6 (contending that Eni is attempting to "coerce [Respondents'] abandonment of a procedural right" and claiming that Eni is "try[ing] to bully Respondents"); D.I. 39 at 6-7 (describing Eni as a "corrupt actor[]" even after its *acquittal* on all charges regarding OPL 245, and disparagingly claiming that "[g]iven the type of individuals and entities"—*i.e.*, Eni—involved in Respondents' supposed "recovery" litigation, "Respondents' investors understandably place a premium on confidentiality"); D.I. 18 at 1 (accusing Eni of filing discovery petition based on "ulterior motives" and intent "to harass a U.S.-based litigation funder").

| | |
|---|---|
| Dated:  April 27, 2021 | LANDIS, RATH & COBB LLP |
| | |
| | */s/ Rebecca L. Butcher* |
| | Daniel B. Rath (No. 3022) |
| | Rebecca L. Butcher (No. 3816) |
| | Jennifer L. Cree (No. 5919) |
| | 919 Market Street, Suite 1800 |
| | Wilmington DE 19801 |
| | (302) 467-4400 |
| | rath@lrclaw.com |
| | butcher@lrclaw.com |
| | cree@lrclaw.com |
| | |
| | and |
| | |
| | SULLIVAN & CROMWELL LLP |
| | Nicolas Bourtin  (*pro hac vice*) |
| | Beth Newton (*pro hac vice*) |
| | Michele Materni (*pro hac vice)* |
| | 125 Broad Street |
| | New York, NY  10004 |
| | (212) 558-4000 |
| | bourtinn@sullcrom.com |
| | newtonb@sullcrom.com |
| | maternim@sullcrom.com |
| | |
| | *Counsel for Applicant Eni S.p.A.* |