IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Ex Parte* Application of Eni S.p.A. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | ) ) ) ) No. 20-mc-334-MN ) |

# MEMORANDUM OPINION

Daniel Bartley Rath, Rebecca Lyn Butcher, Jennifer L. Cree, LANDIS RATH & COBB LLP, Wilmington, DE; Nicolas Bourtin, Beth D. Newton, Michele C. Materni, SULLIVAN & CROMWELL LLP, New York, NY – Attorneys for Applicant.

David E. Ross, ROSS ARONSTAM & MORITZ LLP, Wilmington, DE – Attorney for Respondents.

July 15, 2021
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

Eni S.p.A. ("Eni") filed an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. (D.I. 1). The Court granted the application (D.I. 8), and Eni served subpoenas on Respondents Poplar Falls, LLC, Drumcliffe Partners I LLC, Drumcliffe Partners II LLC, Drumcliffe Partners III LLC, Drumcliffe Partners III SMA I, LLC, Drumcliffe Partners IV LLC, and Drumcliffe Partners IV SMA1, LLC (collectively, "Respondents").

Thereafter, Respondents filed a Motion to Vacate Order Permitting Discovery, to Quash or Modify Subpoenas, and/or For Protective Order. (D.I. 11). The Court granted-in-part and denied-in-part Respondents' motion. (D.I. 37).

Pending before the Court is Respondents' Motion for Reargument and/or Reconsideration, for a Protective Order, and for a Stay. (D.I. 38). Respondents' Motion is fully briefed (D.I. 39; D.I. 42) and subject to Respondents' pending Motion for Expedited Consideration as to the request for a stay (D.I. 40; D.I. 41; D.I. 46; D.I. 48). Also pending is Eni's fully briefed Motion for Sanctions for Respondents' Violation of the Court's March 19 Order. (D.I. 44; D.I. 47; D.I. 51). For the reasons discussed below, Respondents' Motion for Reargument and/or Reconsideration, for a Protective Order, and for a Stay is DENIED, Respondents' Motion for Expedited Consideration of the Motion for Stay is DENIED, and Eni's Motion for Sanctions is DENIED.

I.  **BACKGROUND**[1]

Eni is an Italian multinational oil and gas company. (D.I. 2 at 4). In April 2011, the Federal Republic of Nigeria ("FRN") sold an oil prospecting license known as OPL 45 to Eni and Royal Dutch Shell PLC for $1.3 billion, putting an end to many competing claims on the rights. (*Id.* at 5). The transaction was approved by then-ranking members of the FRN cabinet. (*Id.*).

A.  **The Italian Proceedings**

On February 7, 2017, the Milan Public Prosecutor filed criminal corruption charges against Eni. (*Id.* at 6–7, 11; D.I. 3, Ex. E ¶ 3). FRN subsequently intervened as a civil claimant in the criminal case against Eni. (D.I. 2 at 11 n.12). FRN appointed Johnson and Johnson Solicitors ("J&J") as its recovery agent in that action. (D.I. 12 at 6). Respondents are affiliates of a U.S. commercial litigation funder and agreed to finance J&J's representation of FRN in exchange for a percentage of the eventual recovery. (D.I. 12 at 6–7).

The civil and criminal actions were tried jointly in the Milan Court. (D.I. 2 at 11). On March 17, 2021, the Milan Court acquitted Eni and all other defendants of all charges. (D.I. 35). As of the date of this Memorandum Opinion, it appears that the Milan Court's verdict remains appealable.[2] (D.I. 39 at 2).

---

[1]  The Court assumes the parties' familiarity with the complex factual record underlying the foreign proceedings and provides a highly abbreviated overview of the facts relevant to the pending disputes.

[2]  Respondents have submitted the supplemental declaration of Manfredi Bontempelli, which states that the Milan Court has 90 days from its March 17, 2021 oral judgment to issue a written opinion detailing the reasons for acquitting Eni. (D.I. 39-1, Ex. A ¶ 2). The Public Prosecutor would then have 45 days after that opinion issues in order to appeal the judgment. (*Id.* ¶ 3). Eni does not dispute these characterizations of Italian law. To date, none of the parties has informed the Court whether the acquittal has been appealed.

2

### B. The ICSID Arbitration

On September 14, 2020, Eni, through its subsidiaries, filed a request for arbitration against FRN under the bilateral investment treaty between the Netherlands and Nigeria in accordance with the International Centre for Settlement of Investment Disputes ("ICSID") Convention. (D.I. 2 at 1, 12). The ICSID arbitration concerns Eni's investment in OPL 245 and FRN's alleged obligation to convert OPL 245 into an oil mining license. (*Id.*). An arbitration panel has not yet convened. (*Id.* at 17).

### C. Procedural History

On October 6, 2020, Eni filed an *ex parte* application seeking to serve discovery requests on Respondents. (D.I. 1). Eni's § 1782 application sought documents and deposition testimony regarding: (1) the identities of Respondents' beneficial owners and/or ultimate stakeholders; (2) Respondents' relationship to current or former FRN officials; and (3) any contractual and/or financial arrangements that Respondents have entered into with respect to proceedings relating to OPL 245. (*Id.* at 12–13). On October 15, 2020, the Court granted the application ("the October 2020 Order") and allowed Eni to serve Respondents with:

> . . . narrowly tailored subpoenas for production of documents and Rule 30(b)(6) deposition testimony regarding (1) the identities of Respondents' beneficial owners and/or ultimate stakeholders; (2) Respondents' relationship to current or former Federal Republic of Nigeria officials; and (3) any contractual and/or financial arrangements that Respondents have entered into with respect to proceedings relating to a Nigerian oil prospecting license known as OPL 245.

(D.I. 8). Five days later, Eni served subpoenas on Respondents. (*See* D.I. 13-2, Ex. 9).

On November 18, 2020, Respondents filed their motion to vacate the October 2020 Order. (D.I. 11). Eni moved to expedite the Court's consideration of the motion to vacate. (D.I. 31). On March 19, 2021, the Court granted-in-part and denied-in-part Respondents' motion ("the March

3

2021 Order"). *In re Ex Parte Application of Eni S.p.A.*, No. 20-mc-334-MN, 2021 WL 1063390 (D. Del. Mar. 19, 2021). Finding that Eni's application satisfied the statutory requirements and discretionary considerations of § 1782, the Court declined to vacate its order granting Eni's requested discovery. (D.I. 37 ¶ 3). Finding, however, that the subpoenas served on Respondents were overbroad, the Court modified the subpoenas to conform to the October 2020 Order. The subpoenas read as follows:

> (1) Documents sufficient to show the identity of each and every Person with any direct or indirect ownership interest in [Respondent], including any beneficial ownership interest, and including but not limited to any Members of [Respondent].
>
> (2) Documents sufficient to show the direct or indirect relationships, interactions, contracts, agreements, commitments, financial arrangements, or other transactions between (i) [Respondent], or any Person acting for it or on its behalf; and (ii) any FRN Official, or any Person acting for or on behalf of any FRN Official.
>
> (3) Documents sufficient to show the direct or indirect relationships, interactions, contracts, agreements, commitments, financial arrangements, or other transactions between (i) any Person identified in response to Request No. 1, or any Person acting for such Person or on its behalf; and (ii) any FRN Official, or any Person acting for or on behalf of any FRN Official.
>
> (4) Contracts, agreements, commitments, and/or financial arrangements between (i) [Respondent], or any Person acting for it or on its behalf; and (ii) any other Person with respect to any proceedings or other matters relating to OPL 245, including but not limited to the Foreign Actions.

(*Id.* ¶ 4). Respondents were given two weeks to comply with the March 2021 Order. (*Id.*). Finally, the Court granted Respondents' request for a protective order and directed the parties to meet and confer to agree upon appropriate terms and conditions. (*Id.* ¶ 5).

Respondents produced documents to Eni on April 5 and 16, 2021. (D.I. 49). Respondents assert that these documents are "responsive to Eni's [subpoena] requests (1) and (4) as they pertain to Drumcliffe Partners IV LLC. Respondents are not aware of, and they have not located any

documents pertaining to any of the Respondents that are responsive to Eni's requests (2) or (3)." (D.I. 39 at 8 n.3). Eni maintains that the production remains incomplete. (D.I. 44 at 6).

On April 5, 2021, Respondents filed their motion for reargument and/or reconsideration, for a protective order, and for a stay. (D.I. 38). On April 19, 2021, Respondents filed their motion for expedited consideration of the motion for a stay. (D.I. 41). That same day, Eni moved to sanction Respondents for failing to comply with the Court's March 2021 Order. (D.I. 44).

## II. LEGAL STANDARDS

### A. Reargument or Reconsideration

Local Rule 7.1.5 allows litigants to file motions for reargument but states that such motions "shall be sparingly granted." DEL. LOC. R. 7.1.5. The decision to grant a motion for reargument or reconsideration is squarely within the discretion of the district court. *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662 (MN), 2019 WL 2745723, at *1 (D. Del. July 1, 2019); *see also Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). Motions for reargument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citing *Brambles*, 735 F. Supp. at 1241). Reconsideration may be granted if the movant can show an intervening change in controlling law, new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, Civil Action No. 09-814-JRF, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009). Motions for reargument or reconsideration should not be granted if the "proponent simply rehashes materials and theories already briefed, argued and decided." *Schering*, 25 F. Supp. at 295.

5

## B. Sanctions

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides for sanctions once a court has ordered a party to answer discovery and that party fails to comply with the order. FED. R. CIV. P. 37(b)(2). Rule 37(b)(2)(C) provides that the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Grider v. Beystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 (3d Cir. 2009); *see also Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006) ("The Court has broad discretion regarding the type and degree of sanctions it can impose, but the sanctions must be just and related to the claims at issue." (internal citations omitted)). The purpose of Rule 37 sanctions is "both 'to penalize those whose conduct may be deemed to warrant such a sanction [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Rule 37 . . . authorizes only the imposition of costs and expenses that result from the particular misconduct the court sanctions." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

## III. DISCUSSION

### A. Respondents' Motion for Reargument or Reconsideration

Respondents request that the Court reconsider each of the three rulings in the March 2021 Order.[3] First, Respondents request that the Court reconsider its denial of *vacatur* of the October 2020 Order granting Eni's § 1782 application. Second, Respondents request that the Court further modify the subpoena requests to apply only to the Respondent Drumcliffe Partners IV LLC. Third, as to the Court's direction that the parties meet and confer to agree upon a protective order, Respondents request that the Court simply enter the protective order requested by Respondents. The Court will address each request in turn.

#### 1. Grant of Eni's § 1782 Application

This opinion represents the third time that the Court has been asked to consider the merits of Eni's request to serve subpoenas on Respondents pursuant to 28 U.S.C. § 1782. Twice, the Court concluded that Eni's discovery request was consistent with the statutory requirements of § 1782 and the discretionary considerations of *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). (D.I. 8; D.I. 37). Respondents argue that it is entitled to relief from the Court's § 1782 order on two grounds: Eni's acquittal in the Italian criminal proceedings, and the Supreme Court's grant of *certiorari* in *Servotronics, Inc. v. Rolls-Royce PLC*, 141 S. Ct. 1684 (2021).

Respondents assert that the evidence Eni seeks is no longer "for use in a proceeding in a foreign or international tribunal," as required by § 1782, because the Italian proceeding is over and

---

[3] Respondents also moved for expedited consideration of their motion for a stay "[b]ecause of Eni's sharp tactics," including filing the pending Motion for Sanctions. (D.I. 41). Because the Court sees no exigency in deciding the motion for stay, expedited consideration is denied.

7

whether the prosecutor seeks an appeal is "simply speculation." (D.I. 39 at 2). In the March 2021 Opinion, the Court found that Eni's request satisfied this statutory requirement and declined to consider whether the evidence sought would be admissible or useful in the Italian trial or appeal because "it would contradict the express purpose of section 1782 if the American court were required to predict the actions of another country's tribunal." *In re Eni*, 2021 WL 1063390, at *3 (quoting *In re Bayer AG*, 146 F.3d 188, 192 (3d Cir. 1998)). Respondents present no new evidence, change in law, or clear error that would compel the Court to revisit the issue of whether the evidence could be used in a potential appeal or speculate whether the appeal might occur.

Respondents also argue that they "never had an opportunity to address" Eni's acquittal. (D.I. 39 at 2). Respondents had ample opportunity to – and did in fact – consider the posture of the Italian proceedings and its implications for Eni's discovery request. In support of its § 1782 application and request for expedited consideration, Eni acknowledged the imminence of a decision in the Italian proceedings and argued that evidence from Respondents could nonetheless be considered on appeal. (D.I. 2 at 11 n.13; D.I. 31). In response, Respondents argued that the requested discovery would not be "for use" because the Italian proceedings against Eni were so far advanced, and "the evidence here cannot possibly exonerate Eni from the Italian government's serious charges of corruption and bribery of foreign officials." (D.I. 33 at 2; *see also* D.I. 12 at 12; D.I. 18 at 4). To the extent Respondents argue that they did not consider that Eni could be acquitted, that outcome was possible throughout the parties' discovery dispute and is not new evidence previously unavailable when the Court declined to vacate its discovery order. Indeed, although Respondents neglected to address the possibility of Eni's acquittal, the fact of Eni's potential acquittal was before the Court when it issued the March 2021 Order. A motion for

reargument or reconsideration is not the appropriate vehicle for the Court to entertain Respondents' overlooked arguments.

Even if the evidence Eni seeks would no longer be "for use" in the Italian proceedings, the evidence would still be for use in the ICSID arbitration. Respondents assert that in *Servotronics* the Supreme Court "is likely to address what constitutes a private international arbitration for the purposes of § 1782, and it may well preclude discovery for use in ICSID arbitrations." (D.I. 39 at 4). The question presented in the petition for *certiorari* was: "Whether the discretion granted to district courts in 28 U.S.C. § 1782(a) to render assistance in gathering evidence for use 'in a foreign or international tribunal' encompasses private commercial arbitral tribunals . . . or excludes such tribunals without expressing an exclusionary intent . . . ." Petition for a Writ of Certiorari, *Servotronics*, 141 S. Ct. 1684 (No. 20-794). It is not apparent that the Supreme Court's decision in *Servotronics* will affect whether an ICSID arbitration constitutes a foreign proceeding under § 1782, particularly when district courts "have regularly found that arbitrations conducted pursuant to Bilateral Investment Treaties, and specifically by the ICSID, qualify as international tribunals under § 1782 and are not private arbitrations." *In re Eni*, 2021 WL 1063390, at *3 (collecting district court cases). Because the grant of *certiorari* in *Servotronics*, on a tangentially related legal issue, does not constitute a change of law, the Court declines to reconsider its finding that Eni's discovery will be for use in a proceeding in a foreign tribunal.

Respondents also argue that new developments "alter[] the balance between the relevance of the discovery sought and the burden to Respondents." (D.I. 39 at 5–7). *See Intel*, 542 U.S. at 265. Respondents argue that Eni's acquittal "makes the potential relevance of the discovery Eni seeks from Respondents even more remote than it was at the trial stage." (D.I. 39 at 5). Respondents also assert that they should not be ordered to produce information until the Supreme

9

Court decides the scope of foreign proceedings under § 1782. Again, however, the acquittal does not constitute new evidence unavailable to the Court at the time of the March 2021 Order, and the grant of *certiorari* in *Servotronics* does not constitute a change in law.[4] The Court already considered the production burdens on Respondents relative to their role in the foreign proceedings and accordingly granted Respondents' requests for modification of the subpoenas and for a protective order, to be negotiated by the parties. *In re Eni*, 2021 WL 1063390, at *6. Respondents have not provided a compelling reason for the Court to reconsider the discretionary balancing of burden and relevance in its March 2021 Order.

### 2. Modification of Eni's Subpoenas

Although the Court granted Respondents' motion to modify Eni's subpoenas to conform to the Court's October 2020 Order, Respondents now seek to further narrow the subpoenas to apply only to "Respondent Drumcliffe Partners IV LLC, which is the only Respondent with any financial interest in the [Italian Proceedings and the ICSID arbitration]." (D.I. 39 at 1). Respondents do not explain why they did not previously raise this argument in their motion to modify Eni's subpoenas. Reargument "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles*, 735 F. Supp. at 1240. The Court therefore declines to further narrow the subpoenas based on this belated argument.

---

[4] For the same reasons, the Court declines to grant a stay of the March 2021 Order. Respondents could have requested a stay of the October 2020 Order but failed to. Eni's acquittal and *Servotronics* do not provide a compelling reason for the Court to stay its discovery order.

### 3. Entry of Respondents' Proposed Protective Order

The Court previously granted Respondents' request for a protective order, stating that "[a]llowing discovery pursuant to a protective order will provide Eni with potentially relevant evidence – should the foreign tribunals consider it – while also protecting Respondents from the credible harm that public disclosure of their information presents." *In re Eni*, 2021 WL 1063390, at *6. The Court, however, declined to adopt the protective order provisions requested by Respondents (*see* D.I. 12 at 19–20) and expressly tasked the parties with meeting and conferring to agree on appropriate terms and conditions (D.I. 37 ¶ 5). Respondents express concern that Eni will use the information produced pursuant to subpoena to harass or to engage in a fishing expedition against Respondents' investors. (D.I. 39 at 9–10). That concern, although valid, is hardly unique to this matter, and was considered by the Court when it decided the March 2021 Order. The Court declined to dictate the terms of the protective order then and declines to do so now. The Court will continue to require the parties to negotiate and agree upon the terms of a protective order.[5]

Thus, Respondents motion for reargument and/or reconsideration, for entry of a proposed protective order, and for a stay is denied.

### B. Eni's Motion for Sanctions

Eni seeks to sanction Respondents for their failure to comply with the Court's discovery order in its entirety and by the set deadline. (D.I. 44 at 4–7). The Court's March 2021 Order, however, also required Eni to agree to a protective order to govern Respondents' production, which

---

[5] The Court notes again that the role of Respondents is "undeniably minor" and that a protective order is a condition precedent for discovery. Given this, it would seem that Eni should be able to and motivated to enter in a protective order that addresses Respondent's concerns.

Eni has not done. Despite the lack of a protective order, Respondents have produced some documents pursuant to the subpoena. Furthermore, Respondents, in their opposition to Eni's motion for sanctions, argued that producing certain documents relating to Drumcliffe III, LLC and Drumcliffe III SMA I, LLC would moot their motion for reconsideration. Although none of the parties have yet fully complied with the March 2021 Order, the Court considers Respondents' conduct during discovery no more sanctionable than Eni's.

Eni also seeks sanctions in the form of "reasonable expenses, including attorneys' fees, incurred by Eni in connection with defending against [Respondents'] baseless motion and seeking [Respondents'] compliance with the [March 2021] Order." (D.I. 44 at 8). This request would require the Court to sanction Respondents for filing a motion that comported with the rules of this Court. The Court declines to do so. Eni is not entitled to the costs of responding to the motion simply because Eni considers Respondents' motion "baseless." Moreover, Eni failed to identify any costs incurred outside of its filing of the Motion for Sanctions for Respondents' Violation of the Court's March 19 Order. Thus, the motion for sanctions is denied.[6]

## IV. CONCLUSION

For the foregoing reasons, Respondents motion for reargument and/or reconsideration, stay, and protective order is DENIED. Eni's motion for sanctions is DENIED.

An appropriate order follows.

---

[6] To the extent Eni is not satisfied with the documents furnished or the representations made by Respondents, the Court notes that "Federal Rule 37 is not a legal requirement to do the impossible, and the courts have declined to assess a penalty 'for failure to do that which [the party] may not have been in its power to do.'" *Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1232 (Fed. Cir. 1996) (quoting *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 347 (1909)). Nevertheless, this Court maintains that it is not Respondents' prerogative to determine which portions of the March 2021 Order with which they will comply.